# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 17, 2017

* * * * * * * * * * * * * * * * * * * * * * * *      UNPUBLISHED

JEREMIAH MEANS,     *

       *     No. 12-740V

       Petitioner,     *

v.     *     Chief Special Master Dorsey

       *

SECRETARY OF HEALTH     *

AND HUMAN SERVICES,     *     Damages; Susac's Syndrome;

       *     Tetanus, diphtheria, acellular-

       Respondent.     *     pertussis ("Tdap") vaccination.

       *

* * * * * * * * * * * * * * * * * * * * * * * *

Donald P. Edwards, Law Office of Donald P. Edwards, Atlanta, GA, for petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On November 1, 2012, Jeremiah Means ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation program ("the Program")[2] alleging that as a result of receiving an influenza ("flu") vaccination on November 6, 2009, and a tetanus, diphtheria, and acellular-pertussis ("Tdap") vaccination on November 7, 2009, he suffered hearing loss, generalized weakness, and gait instability. Petition at ¶¶ 1, 7. Petitioner later developed his claim to allege that the vaccinations at issue significantly aggravated his Susac's Syndrome; or alternatively, that the vaccinations caused him to suffer an encephalopathy as described in the Vaccine Injury Table ("Table"). See Petitioner's ("Pet'r's) Prehearing

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

1

Submission at 1; Pet'r's Posthearing Brief at 1. On October 13, 2015, a decision awarding entitlement to petitioner was entered.

On May 17, 2017, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 192). Respondent denies that the Tdap vaccine caused any injury to petitioner. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following:

(1)  **A lump sum of $1,875,269.34, which amount represents compensation for first year life care expenses ($47,580.96), past and future lost earnings ($1,550,000.00), past and future pain and suffering ($250,000.00), and past unreimbursable expenses ($27,688.38), in the form of a check made payable to petitioner, Mr. Jeremiah Means; and**

(2) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.